Stanley G. ROTHENBERG, Petitioner–Appellant

v.

Maureen CRUZ, Warden, FCI Seagoville, Respondent–Appellee.

No. 13–10651
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

May 12, 2014.

Stanley G. Rothenberg, Seagoville, TX, pro se.

Angie Lee Henson, Assistant U.S. Attorney, U.S. Attorney's Office, Dallas, TX, for Respondent–Appellee.

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM: *

Stanley G. Rothenberg, federal prisoner # 76042–004, appeals the district court's denial of his 28 U.S.C. § 2241 petition challenging two prison disciplinary convic-

tions on due process grounds. Regarding the first disciplinary conviction, Incident Report # 2213792, Rothenberg fails to address the district court's conclusion that his claims are not cognizable because the claims concerned the conditions of his confinement rather than the duration of his confinement. Therefore, Rothenberg's claims regarding the first disciplinary proceeding are deemed abandoned. *See Hughes v. Johnson*, 191 F.3d 607, 613 (5th Cir.1999).

With regard to the second disciplinary conviction, Incident Report # 2218281, Rothenberg fails to address the district court's dismissal of his claim on the basis that temporary placement in administrative segregation does not implicate a liberty interest. Therefore, that issue is also deemed abandoned. *See id.*

Rothenberg argues that his due process rights were denied because there was insufficient evidence to support his disciplinary conviction for failure to obey an order. He contends that the evidence was insufficient because the correctional officer was not credible and because Rothenberg's physical limitations excused him from cutting in line. There was at least some evidence upon which Rothenberg was convicted of the second disciplinary violation; thus, the evidence was sufficient to support the disciplinary conviction. *See Superintendent, Massachusetts Corr. Inst. v. Hill*, 472 U.S. 445, 455–56, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985).

Because Rothenberg failed to set forth facts which would entitle him to relief, the district court did not abuse its discretion by refusing to hold an evidentiary hearing. *See Ellis v. Lynaugh*, 873 F.2d 830, 840 (5th Cir.1989).

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under

The judgment of the district court is AFFIRMED.